IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILMER CATALAN-RAMIREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. Case No. 17-cv-3258 |
| | ) | |
| | ) | |
| | ) | The Hon. Joan H. Lefkow |
| | ) | Magistrate Judge Jeffrey Cole |
| RICARDO WONG, Field Office Director, | ) | |
| Chicago, U.S. Immigration and Customs | ) | |
| Enforcement et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO ALLOW TESTIMONY VIA TELEPHONE AT PRELIMINARY INJUNCTION HEARING

Plaintiff, Mr. Wilmer Catalan-Ramirez, respectfully moves this Court to allow two witnesses to testify at the upcoming preliminary injunction hearing via telephone. In support of this motion, Mr. Catalan-Ramirez states as follows:

1. A preliminary injunction hearing on Mr. Catalan-Ramirez' claims that, while in the custody of the Immigration and Customs Enforcement Agency (ICE) at the McHenry County Adult Correctional Facility, he has received inadequate medical and rehabilitative services and that the facility's practice of handcuffing and shackling him during transport violates his constitutional and federal statutory rights has been scheduled for May 9, 2017, at 1:00pm.

2. Two of Mr. Catalan-Ramirez' witnesses are unavailable to appear in Court in person on that date and time and have thus requested the opportunity to appear and provide testimony over the telephone.

3. The first witness, Dr. Ray Lee, treated Mr. Catalan-Ramirez for the serious injuries he sustained when he was shot in January 2017. As his treating physician, Dr. Lee is very familiar with Mr. Catalan-Ramirez' medical conditions and prognosis. His testimony will help the Court understand Mr. Catalan-Ramirez' medical and rehabilitative needs, the consequences of continued failure to meet these needs, and the functional limitations that Mr. Catalan-Ramirez experiences. Dr. Lee is required to see his patient during his rounds on the date and time of the hearing and therefore will not be available to testify in person.

4. The second witness is Dr. Jeffery Schwartz. Dr. Schwartz is a national expert in the field of corrections and security. He has over thirty years of experience in corrections and has worked with the U.S. Department of Justice and the National Institute of Corrections on matters related to jail policy and practice. He will provide testimony explaining why the McHenry County's policy of restraining detainees in a vehicle that is not equipped with safety belts places detainees with Mr. Catalan-Ramirez' medical issues at substantial risk of pain and injury. He will further explain that there are reasonable alternatives to transporting Mr. Catalan-Ramirez while he is shackled and handcuffed in a vehicle without safety belts. Dr. Schwartz lives in California and is unable to travel to Chicago to testify because of a medical appointment.

5. Federal Rule of Civil Procedure 43 states provides that "[a]t trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Thus, the Federal Rules of Civil Procedure clearly contemplate that in situations like these, where witnesses

schedules and locales would prevent an in court appearances, appearance via telephone may be appropriate.

6. Further, Plaintiff requests permission for these witnesses to appear via telephone at a motion for a preliminary injunction—not at a full trial on the merits. Informal procedures like taking testimony over the telephone are allowable at this preliminary stage of proceedings. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Courts have frequently conducted preliminary injunction hearings via telephone. *See* Boehm v. Scheels All Sports, Inc., No. 15-CV-379-JDP, 2015 WL 12513466, at *3 (W.D. Wis. Oct. 26, 2015); In re Gelhaar, No. 15-20540-GMH, 2016 WL 3461913, at *3 (Bankr. E.D. Wis. June 17, 2016);Cerule, LLC v. Stemtech Healthsciences, Inc., No. 1:16-CV-00873-AA, 2016 WL 4367243, at *1 (D. Or. Aug. 11, 2016) ;Vazquez v. Select Portfolio Servicing, No. 13-CV-03789-JST, 2013 WL 5401888, at *3 (N.D. Cal. Sept. 26, 2013);Tait v. Powell, No. 16CV06377ENVRER, 2017 WL 946300, at *2 (E.D.N.Y. Mar. 10, 2017)

For the reasons stated more fully above the Plaintiff requests that his witnesses Dr. Ray Lee and Dr. Jeffery Schwartz be granted leave to appear at his preliminary injunction hearing via telephone.

    Respectfully submitted,

    **WILMER CATALAN-RAMIREZ**

    By: /s/ Sheila A. Bedi
        One of his attorneys

Sheila A. Bedi
Vanessa del Valle
Roderick and Solange MacArthur Justice Center
Northwestern Pritzker School of Law
375 East Chicago Avenue
Chicago, IL 60611
(312) 503-1271
sheila.bedi@law.northwestern.edu
vanessa.delvalle@law.northwestern.edu


"Julie" Yihong Mao
Sejal Zota
National Immigration Project of the National Lawyers Guild
14 Beacon Street, Suite 602
Boston, MA 02108
julie@nipnlg.org
sejal@nipnlg.org
(617) 227 - 9727
*applications for *pro hac vice* admission pending


## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that she served the foregoing document upon all persons who have filed appearances in this case via the Court's CM/ECF system on May 8, 2017

                                                                                     /s/ Sheila A. Bedi