IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| WILMER CATALAN-RAMIREZ, | |
| Plaintiff, | No. 17-cv-3258 |
| v. | Hon. Joan H. Lefkow |
| RICARDO WONG, et al., | Magistrate Judge Jeffrey Cole |
| Defendants. | |

**DEFENDANT'S UNOPPOSED LOCAL RULE 40.4 MOTION
TO REASSIGN CASE AS RELATED**

Defendant City of Chicago (the "City"),[1] by its counsel, Edward N. Siskel, Corporation Counsel of the City of Chicago, respectfully moves this Court, without opposition from the plaintiff's counsel, to have the case *Luis Vicente Pedrote-Salinas v. City of Chicago*, No. 17-cv-5093 (N.D. Ill.) ("*Pedrote-Salinas*"), reassigned to the calendar of this Court as a related case under Local Rule 40.4. The *Pedrote-Salinas* complaint, filed in this district and currently assigned to Judge Wood, is attached as Exhibit A hereto.

In support of its motion, the City states as follows:

1. The complaint in *Wilmer Catalan-Ramirez v. Wong, et. al.*, 17-cv-3258 ("*Catalan-Ramirez*"), currently before this Court, asserts federal due process claims against the City and individual Chicago Police Department ("CPD") employees (the "City defendants"), as well as a state-law claim under the Illinois Civil Rights Act ("ICRA"). The complaint alleges that Mr. Catalan-Ramirez was arrested by federal Immigration and Customs Enforcement agents and detained, pending resolution of removal proceedings. *See Catalan-Ramirez* Compl. ¶ 4. Mr. Catalan-Ramirez alleges that his rights under the Due Process Clause and ICRA were violated by

---

[1] This motion is filed on behalf of Defendant City only because the City's attorneys have yet to confirm that the individual Defendants in *Pedrote-Salinas* have been served and consent to representation.

the City because information in CPD records incorrectly indicated that he was a gang member, which allegedly caused federal authorities to prioritize him for immigration enforcement. *See id.* ¶¶ 6, 43-53, 106-120. He further alleges that, as a result, he was detained, and that he was deprived of discretionary relief from deportation. *Id.* ¶ 116. The complaint alleges that the City is liable under *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978), for Mr. Catalan-Ramirez's alleged injuries because they resulted from the City's policies or practice, *Catalan-Ramirez* Compl. ¶¶ 121-28, and it includes claims for damages against the individual CPD employees based on allegations that they "wrongfully labeled Mr. Catalan-Ramirez as a Chicago street gang member and included him in CPD's Gang Database," *id.* ¶¶ 20, 106-20.

2. The next status in the *Catalan-Ramirez* case is scheduled for August 1, 2017. The Court has yet to set a date for the City defendants to file their responsive pleading.

3. The plaintiff in *Pedrote-Salinas* is represented by the same counsel as Mr. Catalan-Ramirez and raises claims nearly identical to the claims asserted against the City defendants in *Catalan-Ramirez*. *See* Ex. A. Mr. Pedrote-Salinas also alleges that he was denied due process because CPD included information in police records indicating that he was a gang member, *id.* ¶¶ 6, 19-22, that federal homeland security officials prioritized him for arrest because of that information, *id.* ¶¶ 23-27, and that the City's actions violated ICRA, *id.* ¶¶ 89-95. Like Mr. Catalan-Ramirez, he alleges that because of the City's actions, he was detained and deprived of discretionary relief from deportation by federal authorities. *Id.* ¶¶ 7, 34-39, 41-44, 49-51. He attempts to hold the City liable for his alleged injuries under *Monell*, *id.* ¶¶ 80-88, and he seeks damages against individual CPD employees based on allegations that they "falsely labeled [him] as a member of a Chicago street gang and included his identifying information in the CPD's Gang Database without justification," *id.* ¶¶ 67-79.

4. *Pedrote-Salinas* should be found to be related to *Catalan-Ramirez* and reassigned to this Court under Local Rule 40.4. Under that rule, a later-filed action may be reassigned based on relatedness to the calendar of a judge before whom an earlier-numbered action is assigned if two conditions are met. First, the two actions must be related within the meaning of Local Rule 40.4(a), which occurs if one or more of the following conditions is met: "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." N.D. Ill. Local R. 40.4(a). Second, each of the criteria for reassignment set forth in Local Rule 40.4(b) must be met. Those criteria are that: "(1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceeding in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." *Id*. at 40.4(b).

5. As to the criteria of relatedness under Local Rule 40.4(a), these cases involve common issues of fact and law. The complaints include similar factual allegations and duplicate legal claims. Indeed, they contain the same counts. The City defendants, furthermore, will likely assert a number of identical defenses to the claims, including qualified immunity on behalf of the individual CPD employees. Accordingly, the Court should deem the actions related under Local Rule 40.4(a).

6. Each criterion for reassignment under Local Rule 40.4(b) is also met. First, both cases are pending in the Northern District of Illinois. Second, the handling of the cases by the same judge is likely to result in a substantial saving of judicial time and effort given that the

cases raise identical issues. The Court will able to apply much, if not all, of the reasoning of its eventual rulings in one case to the other. This will also preclude any confusion or uncertainty that could result from two judges reaching opposite conclusions on the same claims. Third, reassignment of *Pedrote-Salinas* will not delay resolution of *Catalan-Ramirez*, as the City has not yet filed its responsive pleading in either case. Fourth, given the commonality of issues and relief sought, and the fact that the parties in both cases are represented by the same counsel, the cases are susceptible of resolution in a single proceeding.

7. The City has reached out to the attorneys representing Mr. Pedrote-Salinas and Mr. Catalan-Ramirez, and they have indicated that they do not oppose the reassignment of the later-filed case to this Court's calendar.

**WHEREFORE**, The City respectfully requests that *Pedrote-Salinas v. City of Chicago*, No. 17 CV 5093 (N.D. Ill.), be reassigned to the calendar of this Court as a related case under Local Rule 40.4.

Date: July 27, 2017　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　EDWARD N. SISKEL,
　　　　　　　　　　　　　　　　　　　Corporation Counsel for the City of Chicago

　　　　　　　　　　　　　　　　　　　By:　　/s/ Ellen W. McLaughlin
　　　　　　　　　　　　　　　　　　　　　　Assistant Corporation Counsel

John L. Hendricks
Andrew W. Worseck
Ellen W. McLaughlin
Tara Kennedy
City of Chicago, Department of Law
Constitutional and Commercial Litigation Division
30 North LaSalle Street, Suite 1230
Chicago, Illinois 60602
(312) 744-7129 / 742-5147 / 744-9028

*Attorneys for Defendant City of Chicago*