## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into as of November 30, 2017 (the "Effective Date"), by and between (i) the City of Chicago (the "City" or "Defendant") and (ii) Wilmer Catalan-Ramirez ("Plaintiff"). Plaintiff and Defendant are collectively referred to here as the "Parties."

**WHEREAS**, Plaintiff filed an action in the United States District Court for the Northern District of Illinois against the City and certain identified and unknown Chicago Police Department ("CPD") employees, as well as other persons, on May 1, 2017, styled *Catalan-Ramirez v. Wong*, No. 17-cv-3258 (the "Lawsuit"), in which he claimed that the City and/or the CPD employees, as well as other non-City defendants, violated his rights under the Fourteenth Amendment of the United States Constitution and/or the Illinois Civil Rights Act and sought declaratory, injunctive, and damages relief;

**WHEREAS**, Plaintiff filed a Second Amended Complaint in the Lawsuit on September 6, 2017, in which he named additional CPD employees as defendants, which, along with the previously-named CPD employee defendants, are hereafter referred to as the "CPD Individual Defendants";

**WHEREAS**, the City denies any wrongdoing regarding the allegations in the Lawsuit;

**WHEREAS**, the Parties desire to settle and compromise Plaintiff's claims in the Lawsuit on the basis of the terms set forth in this Agreement;

**NOW THEREFORE**, for and in consideration of the promises, covenants, and conditions set forth below, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1

1.      **Recitals Incorporated in Agreement.**  The foregoing recitals are incorporated in and made a part of the Agreement by this reference.

2.      **No Admission of Liability.**  The Parties agree that nothing contained in this Agreement shall constitute or be deemed to be an admission of any fault, liability, or wrongdoing of any kind whatsoever on the part of any Party or the Party's future, current, or former officers, agents, and employees.  The Parties further acknowledge and agree that settlement is made to avoid the uncertainty and expense of litigation and to promote judicial economy.

3.      **The City's Obligations.**  The City, through CPD, agrees to do the following:

(a)  By 12:00 p.m. on Friday, December 1, 2017, CPD will execute the letter attached hereto in draft form as Exhibit A and send that letter to the addressees designated thereon, as well as provide a copy of the letter to Plaintiff's counsel;

(b)  By December 5, 2017, CPD will create in the CLEAR database a non-criminal case report reflecting the issuance of the letter described in Paragraph 3(a) above and containing the text of that letter in the narrative portion of the case report.  The letter will also be inventoried by CPD, and the inventory number will be reflected in the non-criminal case report.  The City will notify Plaintiff's counsel by email once the non-criminal case report has been created in the CLEAR database.

4.      **Dismissal Of Lawsuit.**  Plaintiff agrees to dismiss the City from the Lawsuit with prejudice.  By 5:00 p.m. on Tuesday, December 5, 2017, Plaintiff shall file a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) dismissing the City from the Lawsuit with prejudice.  (On November 30, 2017, Plaintiff previously filed a notice of dismissal dismissing the CPD Individual Defendants from the Lawsuit with prejudice.)

5. **Damages, Costs, Fees.** Plaintiff or his counsel will not receive any monetary payment, whether reflecting alleged damages or otherwise, from the City or any CPD Individual Defendant. Each Party is to bear its own costs and fees, including attorney's fees, associated with litigating the Lawsuit.

6. **Release.** Plaintiff, after receiving the advice of counsel, understands and agrees that, in consideration of the undertakings in this Agreement, this is a final and total settlement of the matter, and Plaintiff does hereby release and forever discharge on behalf of himself, his assigns, employees, agents, and representatives, all claims of every kind or nature that he had, has, or may have in the future under local, state, or federal law, against the City, its current or former officers, agents, and employees, and anyone acting on their behalf, whether served or unserved, named or unnamed, including but not limited to each CPD Individual Defendant, arising out of or relating to, either directly or indirectly, in whole or in part, the incidents or facts which are the basis of the Lawsuit, or other CPD records or the content thereof that are otherwise known to Plaintiff or his counsel as of the date of this Agreement. Plaintiff does not waive his right to file future injunctive claims against the City based on the content of CPD records that is unknown to Plaintiff or his counsel as of the date of this Agreement. This release shall become effective on the Effective Date.

7. **No Third Party Beneficiaries.** Except for the terms of this Agreement directed to the CPD Individual Defendants, this Agreement is entered into solely for the benefit of the Parties and their successors and assigns, and is not intended to create, nor shall it be construed to create, any rights for the benefit of any other person, or to be enforceable by any other person, directly or derivatively in the name of any of the Parties.

3

8.      **No Assignment.**  No Party shall assign, in whole or in part, this Agreement or any of their respective rights or obligations under this Agreement, without the prior written approval of all other Parties.  Such approval shall not be unreasonably withheld.

9.      **No Assignment of Claims.**  The Parties represent and warrant that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims or causes of action being released herein.

10.     **Headings.**  The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

11.     **Binding Effect.**  This Agreement shall be binding upon and inure to the benefit of the Parties, and such successors and assigns approved pursuant to Paragraph 8 of this Agreement. Terms contained herein shall not be construed against a Party merely because that Party is or was the principal drafter of this Agreement.

12.     **Governing Law.**  The Parties agree that this Agreement shall be governed by and construed in accordance with the internal laws, but not the conflict of law rules, of the State of Illinois.

13.     **Legal Authority.**  The individuals signing this Agreement represent and warrant that they are duly authorized to enter into and execute this Agreement on behalf of the Parties on behalf of which or whom they are signing.

14.     **Dispute resolution.**  If any Party claims that another Party has failed to comply with any terms of the Agreement, the dispute shall be resolved according to the following process:

4

(a)    Attempted Resolution Between the Parties:  The complaining Party shall first give written notice of the dispute to the other Party.  The Parties shall then have 30 days following receipt of written notice to attempt to reach a written agreement resolving the dispute.

(b)    Resolution in Court:  After following the procedures set forth in subsection (a) of this Paragraph, if the Parties are unable to resolve the dispute to their mutual satisfaction, the complaining Party may file a lawsuit for breach of the Agreement.

15.    **Advice of Counsel.**  In entering this Agreement, the Parties represent that they have relied upon the advice of their attorneys, who are the attorneys of their own choice, and that all of the terms of this Agreement have been interpreted and explained to them by their attorneys, and that those terms are fully understood and voluntarily accepted.  The Parties also represent and warrant that no other person or entity has or has had any interest in the claims or causes of action referred to herein, that the Parties have the sole right and exclusive authority to execute this Agreement, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims or causes of action referred to herein.

16.    **Entire Agreement.**  This Agreement constitutes the entire agreement of the Parties with regard to the settlement of the Lawsuit, any and all claims by Plaintiff, and any and all unasserted claims and counterclaims by Defendant, regarding any of the issues that are raised in or could have been raised in the Lawsuit, and there are no other understandings or agreements between or among any the Parties with respect thereto.  This Agreement may not be modified, amended, waived, or revoked orally, but only by a writing signed by all Parties or their attorneys.

17.    **Notice.**  Any written notice given hereunder shall be sent by certified mail, return receipt requested, or messenger delivery as follows:

If to Plaintiff:

5

Vanessa del Valle
Northwestern Pritzker School of Law
Bluhm Legal Clinic
Roderick and Solange MacArthur Justice Center
375 E. Chicago Ave., 8th Floor Chicago, IL 60611
312-503-5932
Vanessa.delvalle@law.northwestern.edu

If to Defendant:

Deputy Corporation Counsel
Constitutional and Commercial Litigation Division
City of Chicago Department of Law
30 N. LaSalle Street, Suite 1230
Chicago, Illinois 60602

18.     **Counterparts.**  This Agreement may be executed in identical original

counterparts, with each counterpart constituting the entire Agreement.

19.     **Facsimile Signatures.**  A facsimile signature shall be considered the equivalent

of an original signature.

**IN WITNESS WHEREOF**, the Parties hereto execute this Settlement Agreement this

30th day of November, 2017, and this Agreement shall become fully effective upon its

execution.

**Wilmer Catalan-Ramirez**                                **The City of Chicago**, an Illinois municipal
                                                                          corporation and home-rule government,

By: _____                    By: _____
       Sheila A. Bedi                                              ANDREW WORSECK

His: _____Attorney_____                          Its:  CHIEF ASSISTANT CORPORATION
                                                                        COUNSEL

6

# Exhibit A



**Rahm Emanuel**
Mayor

**Department of Police · City of Chicago**
3510 S. Michigan Avenue · Chicago, Illinois 60653

**Eddie T. Johnson**
Superintendent of Police

Immigration Judge Virginia Perez-Guzman
525 W Van Buren, Suite 500
Chicago, IL 60607

Chicago Office of Chief Counsel
525 W. Van Buren, Suite 701
Chicago, IL 60607

U.S. Citizenship and Immigration Services
Vermont Service Center
Attn: U-visa Unit
75 Lower Walden St.
St. Albans, VT 05479

November 30, 2017

Through this letter, the City of Chicago Police Department ("CPD") states that it has no objection to USCIS's granting of Wilmer Catalan-Ramirez's application for a U visa. While CPD is aware of entries in CLEAR that designate Mr. Catalan-Ramirez as a gang member, such as the records attached to this letter, there exists no Gang Arrest Card in CLEAR which indicates that Mr. Catalan-Ramirez is a self-admitted gang member. Further, CPD cannot verify that Mr. Catalan-Ramirez is a gang member as defined by the Illinois Streetgang Terrorism Omnibus Prevention Act (740 ILCS 147/10). That statute defines "gang member" as: "any person who actually and in fact belongs to a gang, and any person who knowingly acts in the capacity of an agent for or accessory to, or is legally accountable for, or voluntarily associates himself with a course or pattern of gang-related criminal activity, whether in a preparatory, executory, or cover-up phase of any activity, or who knowingly performs, aids, or abets any such activity." Copies of the following records are attached to this letter:

1. CLEAR documents that DHS submitted as evidence in Mr. Catalan-Ramirez's immigration case

2. Gang Arrest Card based on 21 NOV 2016 arrest (CITY 00037)

3. 4 JAN 2017 ISR (CITY 00038-39)

4. 16 JUN 2015 Contact Card (CITY 00040-41)

Sincerely,

Charise Valente
General Counsel to the Superintendent of Police

Cc:     U.S. Immigration and Customs Enforcement
        Chicago Field Office
        101 West Congress Parkway, 4th Floor
        Chicago, IL 60605